IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINA POSADA, MELANIE IGLESIAS, and LUCY PINDER,<br><br>Plaintiffs,<br><br>v.<br><br>FLASHDANCERS, INC. d/b/a HEADLINERS MEN'S CLUB, HARVEST BREEZE, INC., and ERIC BORON,<br><br>Defendants | 2:19-cv-731-NR |

### ORDER ENTERING DEFAULT JUDGMENT AGAINST ERIC BORON

Plaintiffs are professional models who filed this action seeking damages and injunctive relief as a result of Defendant Eric Boron's misappropriation, alteration, and unauthorized publication and use in advertising of images of Plaintiffs to promote his strip clubs. ECF 1, ¶ 1. On October 25, 2019, Plaintiffs personally served Mr. Boron with a summons and the complaint. ECF 13; ECF 37. Despite being served, Mr. Boron never responded to the complaint, nor did he seek an extension to do so. Because Mr. Boron's time to respond to the complaint expired, Plaintiffs filed a request for entry of default on January 27, 2020. ECF 20. The Clerk of Court entered default against Mr. Boron on January 28, 2020. ECF 22.

Plaintiffs moved for default judgment on September 27, 2020. ECF 26; ECF 27; ECF 34. The Court held a hearing on the motion by Zoom videoconference on November 18, 2020. ECF 35. Based on the evidence and testimony presented at the hearing, and the Court's thorough review of the entire record, the Court finds as follows:

1. Mr. Boron was properly served and the unchallenged facts in the complaint constitute legitimate causes of action against him. *See. E. Elec. Corp. of*

*N.J. v. Shoemaker Constr. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) ("Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof.") (citations omitted).

2. Plaintiffs will be prejudiced if the Court does not enter default judgment against Mr. Boron because "[c]onsiderable delays, especially those that might stretch on indefinitely, are sufficient to show prejudice[.]" *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (cleaned up).

3. Because of his failure to answer, the Court presumes that Mr. Boron does not have any meritorious defenses. *Id.* ("[T]he court may presume that an absent defendant who has failed to answer has no meritorious defense because it is not the court's responsibility to research the law and construct the parties' arguments for them.") (cleaned up).

4. Mr. Boron's failure to engage in the litigation process or offer any reason for this failure qualifies as culpable conduct sufficient to enter default judgment against him. *See id.*

5. Stephen Chamberlin, who submitted a report and testified at the hearing, is qualified as a modeling industry expert to opine on Plaintiffs' damages relating to Mr. Boron's misappropriation, alteration, and publication of the images of them.

6. Based on Mr. Chamberlin's report and his testimony, the Court finds that Plaintiffs' actual damages amount to $180,000.00.

7. Finally, because Plaintiffs' established liability under the Lanham Act, 15 U.S.C. § 1125(a), *et seq.*, and because they are likely to suffer additional harm from Mr. Boron's continuing improper use of their images, Plaintiffs are entitled to an order permanently enjoining Mr. Boron from using Plaintiffs' images to promote his businesses.

- 3 -

    **AND NOW**, this 5th day of January, 2021:

    **IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment (ECF 26) is **GRANTED** as to Mr. Boron only;

    **IT IS FURTHER ORDERED** that Plaintiffs shall recover from Mr. Boron the principal sum of $180,000, and interest thereon according to law from the date of this judgement until the entire amount is paid; and

    **IT IS FURTHER ORDERED** that Mr. Boron is permanently enjoined from using any images of Plaintiffs in any advertising, including, but not limited to, the images attached as exhibits to the complaint (ECF 1-1).

                                                   BY THE COURT:

                                                   */s/ J. Nicholas Ranjan*
                                                   United States District Judge